IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

YARA Z. MAGE DE JESUS

    Debtors

CASE NO.  23-03589

CHAPTER 13

YARA Z. MAGE DE JESUS

   Plaintiff

Vs.

ORIENTAL BANK

   Defendant

ADV. PROC. 24-00001

## OPINION AND ORDER

This adversary proceeding is before the court upon the motion for summary judgment (dkt. #15) and the statement of uncontested material facts in support of the motion for summary judgment (dkt. #16) filed by Oriental Bank ("Oriental") on February 2, 2024, and the response filed by the debtor/plaintiff (dkt. #20) on February 27, 2024. Oriental alleges that the complaint for turnover of property pursuant to 11 U.S.C. § 542 and preferential transfer pursuant to 11 U.S.C. § 547 refers to funds in possession of Oriental as a result of a prepetition setoff, which Oriental voluntarily deposited in the debtor/plaintiff's bank account upon knowledge of debtor's bankruptcy filing. Such amount corresponds to the amount claimed by the debtor/plaintiff as exempt and the balance consigned with the court.  Thus, Oriental avers that the complaint is moot.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

UNCONTESTED FACTS

Oriental's statement of uncontested facts (dkt. #16, pp. 1-3), duly supported by an unsworn statement and documents filed therewith (dkt. #16, pp. 4-7), state the following:

1.      Oriental reversed the setoff of $24,398.00 and the $13,673.24 originally claimed as exempt by debtor were deposited in her bank account and were available effective January 2, 2023. See dkt. #16, ¶ 1.

2.      The remainder non-exempt amount of $10,724.76 was consigned by Oriental in the captioned proceedings. See dkt. #16, ¶ 2.

3.      Debtor-Plaintiff filed a Motion to Withdraw the consigned funds to be disbursed in the following manner: a) $8,973.63 to the order of Jose R. Carrion, Esq., Chapter 13 Trustee, as per an amended plan filed at Dk. No. 33, which now proposes to pay those funds into the plan, and b) $1,751.13 to the order of Debtor-Plaintiff as these funds are claimed as exempt in the amended Schedule C filed on January 4, 2024 at Docket #31 in lead case 23-03589. See dkt. #16, ¶ 3.

4.      Prior to the filing of the captioned proceeding, debtor's counsel became aware that the sum of $13,673.24 claimed as exempt would be deposited in debtor's account at Oriental, and the non-exempt amount of $10,724.76 would be consigned with the court. See dkt. #16, ¶ 4.

5.      In response to Oriental's letter dated December 28, 2023, and with the knowledge that Oriental was in the process of reopening debtor's closed account at Oriental to deposit $13,673.24 and the remainder would be consigned with the court, Plaintiff filed the captioned complaint on January 2, 2024. See dkt. #16, ¶ 5.

6.      Oriental filed a proof of claim for the full balance owed after deducting the full amount of the setoff. See Proof of Claim No. 7; dkt. #16, ¶ 6.

Debtor/plaintiff, in its response (dkt. #20), states that it has a valid cause of action under Section 547 of the Bankruptcy Code and concludes, without any supporting documentation, that the pleadings in the complaint clearly state a cause of action (dkt. #20, ¶¶ 3-6).  Also, that by returning the funds to the estate without litigation, Oriental acknowledged these facts (dkt. #20, ¶

7).   The response does not include legal support or a declaration of facts in support of debtor/plaintiff's opposition. Debtor/plaintiff also contends that fees and costs are not warranted as Oriental has not demonstrated plaintiff acted in bad faith (dkt. #20, ¶ 9).

STANDARD OF MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, made applicable to adversary proceedings under Fed. R. Bankr. P. 7056, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  See also Fed. R. Bankr. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322-332 (1986); In re Colarusso, 382 F.3d 51 (1st Cir. 2004); Alicea v. Wilkie, 2020 WL 1547064, 2020 U.S. Dist. LEXIS 57213 (D.P.R. 2020).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact or in which only a question of law is involved." Charles A. Wright, Arthur R. Miller, & Mary K. Kane, 10A Federal Practice and Procedure § 2712 (4th ed., West 2022). "Rule 56 provides the means by  which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. (footnotes omitted). "[S]ummary judgment is not a substitute for the trial of disputed fact issues.  Accordingly, the court … is empowered [only] to determine whether there are issues to be tried." Id. (footnotes omitted). See also Bernier v. Treasury Dep't (In re Bernier), 2022 WL 17096264, at *5, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022) ("the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain.").

"A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008), quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir.1996). See also Andino-Oquendo v. Federal National Mortgage Association, 2023 WL 2245072, at *1, 2023 U.S. Dist. LEXIS 34375, at *2 (D.P.R. 2023), quoting Alicea, 2020 WL 1547064, at *2, 2020 U.S. Dist. LEXIS 57213, at *4. A fact is material only if it is determinative of the outcome of the

litigation. See Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904 (1976); Maymí v. P.R. Ports Auth., 515 F. 3d 20, 25 (1st Cir. 2008); In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. 334, 353 (D.P.R. 2023), quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008) ("Material facts are those that 'possess[ ] the capacity to sway the outcome of the litigation under the applicable law,' and there is a genuine factual dispute where an issue 'may reasonably be resolved in favor of either party.' ").

When considering a petition for summary judgment, the court must review the evidence in the light most favorable to the nonmoving party. See Thompson, 522 F.3d at 172, citing Franceschi v. United States VA, 514 F.3d 81, 83 (1st Cir. 2008). The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. See Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991); Alicea, 2020 WL 1547064, at *2, 2020 U.S. Dist. LEXIS 57213, at *4. It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. See Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 958 (1990).

To that end, L. Civ. R. 56(b) requires a movant to include a separate, short, and concise statement of material facts and to support each factual assertion with a citation to the evidentiary record. See L. Civ. R. 56(b), (e). "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment," and "shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L. Civ. R. 56(e).

The moving party cannot prevail if any essential element of its claim or defense requires trial. See López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. See Celotex, 477 U.S. at 325; Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition,

the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. See Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987); Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions, and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. See Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980). The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. See López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. See Adickes, 398 U.S. at 159.

COSTS AND ATTORNEY'S FEES

Costs and attorney's fees may be awarded to the prevailing party under Fed R. Bankr. P. 7054(b). See also Fed. R. Civ. P. 54. The allowance of costs under Fed R. Bankr. P. 7054(b) is within the discretion of the Bankruptcy Court. The court's discretion is guided by the so-called "American Rule", which acts as a point of reference and provides, generally, that each litigant pays its own attorney's fees unless a statute or contract provides otherwise. See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121 (2015). Notwithstanding, "a district court may use its inherent powers to assess attorneys' fees against a party that has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' ". Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995), quoting Chambers, 501 U.S. at 45-46, 111 S.Ct. at 2133, quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-259 (1975). A court exercising its inherent powers in this fashion must describe the conduct with "sufficient specificity," accompanied by a "detailed explanation of the reasons justifying the award." Id., quoting Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995)

## DISCUSSION

Oriental has alleged that the prayer in the complaint is moot as the refund requested was completed on the same date the complaint was filed. These facts, as alleged, stand uncontested. The court agrees with Oriental's statement that:

> The filing of the captioned complaint was unnecessary, as 5 days prior to the filing of the complaint, debtor's counsel received a written letter from Oriental's counsel stating Oriental that the setoff would be reversed and the sum of $13,673.24 claimed as exempt would be deposited in debtor's account at Oriental, and the non-exempt amount of $10,724.76 would be consigned in court. In fact, the $13,673.24 claimed as exempt were already made available in Plaintiff's bank account on the same date she filed the captioned complaint, and, Plaintiff has already requested the withdrawal of additionally exempted funds consigned with the Court, as debtor amended her exemptions after the funds were returned by Oriental. The money is no longer in Oriental's possession and the subject matter of the captioned complaint is moot.

Dkt. #15, pp. 1-2.

The conclusory allegations in debtor/plaintiff's opposition do not show genuine issues of material facts precluding summary judgment or otherwise show that the complaint is not moot as the request was previously met. Therefore, Oriental's motion for summary judgment is granted.

Although the facts presently before the court do not explicitly establish bad faith on debtor/plaintiff's part, the decision to continue prosecution of an action "requesting the turnover of funds" which have already been returned and/or consigned with the court constitutes conduct which promotes unnecessary litigation. Therefore, the court is moved to exercise its discretion under Fed. R. Bankr. P. 7054(b) and awards costs and attorney's fees in favor of Oriental that were incurred since the filing of the motion for summary judgment on February 2, 2024.

## CONCLUSION

In view of the foregoing, the court grants Oriental's motion for summary judgment and concludes that the complaint is moot. The court further orders and awards costs and attorney's fees incurred by Oriental since the filing of the motion for summary judgment.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of March 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge